### PEOPLE *ex rel.* SMITH *et al.* v. BOARD OF ASSESSORS.

*(Supreme Court, General Term, Second Department.* June 25, 1888.)

Appeal from special term, Kings county.

*A. F. Jenks,* Corporation Counsel, for appellant.   *H. D. Birdsall,* for respondents.

DYKMAN, J. This was a proceeding under chapter 269, Laws 1880, providing for the review and correction of an illegal and erroneous or unequal assessment. After the return of the writ of *certiorari* was made, it was referred to a referee to take proof of all the material matters alleged in the petition and return, and report the same to the court, with his opinion thereon. The referee heard the testimony, and made a report, in which he found — *First,* that the assessment made upon the real property described in the petition was erroneous, by reason of overvaluation; and, *second,* that such assess-

---

[1] Concerning the admissibility of expert testimony as to the probable result of personal injuries, see Ganiard v. Railroad Co., 2 N. Y. Supp. 470, and note; Campbell v. Railroad Co., 3 N. Y. Supp. 694, and note.

ment was unequal in that the same was made at a higher proportionate valu-
ation than other real property on the same roll, by the same officers designated
in the several exhibits in this matter, and at the same proportionate valua-
tion as said other real property would be, not exceeding $100,000, and said
assessment, to secure equality of assessment, should be reduced to a sum not
exceeding $100,000. Upon that proceeding a judgment was entered by the
court at special term, in which it was ordered and adjudged that the assess-
ment of the real property of the relators was erroneous by reason of overvalu-
ation and unequality, in that the said assessment was made at a higher pro-
portionate valuation than the real property on the same roll by the same offi-
cers, and that said assessment in excess of the sum of $100,000 was invalid,
and that a tax assessed upon said real property for the year 1886 under said as-
sessment, $120,000, was erroneous. It was further ordered and adjudged
that such assessment of $120,000 of said real property of said relators for the
year 1886 should be, and the same was thereby, and as of that date, corrected
and reduced to the sum of $100,000, and said sum of $100,000 was adjudged
and declared to be the assessment of said real property for the year 1886, and
valid and effectual as of that date. The judgment contained further provis-
ions in relation to the payment by the relators to the register of arrears of the
sum which should be the amount of the tax upon such real property for the
said 1886, if said real property had not been erroneously and unequally as-
sessed, and had been assessed at the sum of $100,000. From the judgments
so entered, the defendant appealed to the general term.

An examination of the testimony and the proceedings seems to show that
the decision and judgment are in accordance with the evidence, and that the
judgment should be affirmed, with costs.